IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY NELSON, Individually; <br> and PATSY NELSON, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> GLOCK, INC., a Georgia Corp., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case Number CIV-12-72-C <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action seeking to recover under Oklahoma's manufacturer's products liability doctrine. Plaintiff was employed as a Highway Patrol Trooper by the Oklahoma Highway Patrol. During a firearms training course, Plaintiff was injured while firing his pistol. The pistol, manufactured by Glock, is a Model 31C semi-automatic pistol. The pistol is an automatic pistol, where the top portion slides back upon the discharge of the weapon to eject the spent casing and reload itself.

Under the training regimen employed by the OHP, the trooper was instructed to cause a malfunction in the weapon by preventing the slide from operating as intended by Glock. The point of the exercise was to simulate a real-world experience where an officer is in a struggle for possession of his firearm, the weapon malfunctions, and he or she must clear the weapon and be ready to reuse it in a short time period. At the time of Plaintiff's injury, the OHP's method of inducing the malfunction was to have the trooper and instructor hold their hands on the slide in an attempt to prevent it from recoiling when the weapon was filed. Plaintiff and the instructor attempted to do this and when the weapon was discharged,

Plaintiff's hand was severely injured. As noted above, Plaintiff then brought this action against Glock, claiming that the pistol was defective and unreasonably dangerous. Defendant denies Plaintiff's claims and asserts that the pistol was used in an abnormal and unforeseeable manner and it was this type of use that led to Plaintiff's injuries. Alternatively, Plaintiff argues that Defendant had a duty to warn of the dangers associated with using the pistol in the manner in which he used it. Defendant disputes this argument, arguing that because Plaintiff's method of use was unforeseeable, no duty to warn existed.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at

324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

Oklahoma adopted the doctrine of manufacturer's products liability in Kirkland v. General Motors Corp., 1974 OK 52, 521 P.2d 1353. In establishing the doctrine, the Oklahoma Supreme Court set forth three factors that a plaintiff must establish to bring a viable case.

> *First* of all Plaintiff must prove that the product was the cause of the injury; the mere possibility that it might have caused the injury is not enough.
>
> *Secondly*, Plaintiff must prove that the defect existed in the product, if the action is against the manufacturer, at the time the product left the manufacturer's possession and control. Thompson v. Trane Co., Okl., 500 P.2d 1329 (1972). If the action is against the retailer or supplier of the article, then the Plaintiff must prove that the article was defective at the time of sale for public use or consumption or at the time it left the retailer's possession and control.
>
> *Thirdly*, Plaintiff must prove that the defect made the article unreasonably dangerous to him or to his property as the term "unreasonably dangerous" is above defined.

Id., 1974 OK 52, ¶ 29-31, 521 P.2d at 1363.  "Unreasonably dangerous" is defined as "'The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.'"  Id. at ¶ 26, 1362-63 (quoting Restatement (Second) of Torts § 402A).  Later, in Fields v. Volkswagen of America, Inc., 1976 OK 106, 555 P.2d 48, the Oklahoma Supreme Court identified various defenses which exist to a claim for manufacturer's products liability.  One of those defenses would be abnormal use[*], which the court defined as "the method of using a product [which] is not that which the maker intended or is a use that could not reasonably be anticipated by a manufacturer."  Id. at ¶ 23, 56.  Defendant argues that Plaintiff's attempt to cause the malfunction amounts to an abnormal use and therefore Plaintiff's claims must fail.

Here, the key question in determining whether Plaintiff's use of the pistol was abnormal was whether Plaintiff's use was reasonably foreseeable by the manufacturer.  The Oklahoma Supreme Court has noted "[a] manufacturer is not liable for injuries resulting from such use if it is not foreseeable."  Id. at ¶ 25, 57.  Here, the facts are undisputed that none of the parties are aware of anyone other than the Oklahoma Highway Patrol using the weapon in the manner which injured Plaintiff.  That is, no party could identify any other law

---

[*] The Court notes that the Oklahoma Uniform Jury Instructions refer to this defense as Affirmative Defense of Misuse of Product.  See OUJI-2d 12.9 ("[Defendant] has raised the defense in this case that [Plaintiff] misused the [Specify Product] and the misuse was the sole cause of [Plaintiff]'s injury.  Misuse of a product is a use that could not reasonably be anticipated by its maker.  If [Plaintiff] was using the [Specify Product] in a way that was foreseeable or should have been anticipated by [Defendant], it is not misuse even if [Plaintiff] was negligent in using it.").

enforcement or other professional use organization which attempted to force a malfunction by holding the slide while firing the weapon. Further, the evidence is undisputed that following Plaintiff's injury, the OHP ceased performing the exercise in this manner determining that it was an unsafe method and there were other better ways to accomplish the goal of the exercise. Based on these facts, the Court finds no reasonable jury could find that Defendant could have reasonably foreseen an attempt to use its pistol in the manner which injured Plaintiff. Consequently, Plaintiff's use was an abnormal use and Defendant cannot be held responsible under Oklahoma's manufacturer's products liability doctrine.

Plaintiff attempts to avoid this result, arguing that using the pistol in the manner which injured Plaintiff was foreseeable and that therefore Defendant had a duty to warn of the dangers. As set forth above, Plaintiff's use was abnormal and therefore unforeseeable. As a result there was no duty on Defendant to provide a warning. As the Oklahoma Supreme Court stated in Duane v. Oklahoma Gas & Electric Co., 1992 OK 97, ¶ 4, 833 P.2d 284, 286 "[O]nly where the seller has reason to anticipate that danger may result from a particular use, may he be required to give adequate warning of the danger, and a product sold without such warning is in a defective condition. . . . A duty to warn must also be based upon the foreseeability that the user would use the product in that way, the type of danger involved, and foreseeability of the user's knowledge of the danger." Id. Nevertheless, even were the Court to find that Defendant had some duty to warn, the warnings supplied by Defendant were sufficient to apprise Plaintiff of the risk in using the firearm in the manner which injured him.

First of all, Defendant's Exhibit J to the Motion for Summary Judgment was a label placed on the magazine of the pistol. It states, "Significant muzzle blast and particulate may be released through the ports causing serious bodily injury." Further, the owner's manual at ¶ 24 states, "ALWAYS KEEP YOURSELF AND OTHERS CLEAR OF THE EJECTION PORT, AS SPENT CARTRIDGES ARE EJECTED WITH ENOUGH FORCE TO CAUSE INJURY. NEVER PLACE FINGERS IN EJECTION PORT OR ON HOT SLIDE OR BARREL DURING OR AFTER FIRING, AS THEY COULD BE BURNED BY HOT METAL." (Def.'s Br., Dkt. No. 65, Ex. K, p.15.) Paragraph 27 of the same exhibit states: "DO NOT SHOOT THE PISTOL NEAR YOUR STOMACH AS THE SLIDE WILL SHARPLY MOVE BACK UPON FIRING."

Each of these warnings, combined with Plaintiff's prior training and expertise in the handling of firearms, were sufficient to apprise him of the danger of attempting to hold the slide while firing the weapon. Indeed, Plaintiff himself testified that he was aware that getting his hand too close to the ejection port or compensator ports would result in severe injury. Thus, no reasonable jury could find that any additional warning would have prevented Plaintiff's injuries.

To the extent Plaintiff seeks to prevail on either warranty claims or merchantability claims, those claims would also fail for the reasons set forth herein. Likewise, because the claims of Plaintiff Anthony Nelson fail, the claims of Plaintiff Patsy Nelson also fail.

Finally, the Motion to Exclude Testimony of Plaintiffs' Proposed Expert Tyler Kress (Dkt. No. 63) and the Motion to Exclude Testimony of Plaintiffs' Proposed Expert Carl

Hildebrandt (Dkt. No. 64) and the Motion to Exclude Testimony of Plaintiffs' Proposed Expert Witness Dr. James Chao (Dkt. No. 70) are denied as moot. Even with the consideration of the testimony offered by these experts, Plaintiff's claims could not survive Defendant's motion. Accordingly, it is unnecessary to resolve whether the experts should be stricken or not.

For the reasons set forth herein, Defendant, Glock, Inc.'s Motion for Summary Judgment (Dkt. No. 62) is GRANTED. A separate Judgment will issue.

IT IS SO ORDERED this 4th day of February, 2013.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge